Filed 6/8/21  P. v. Wallace CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307965 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA049674) |
| v. | |
| KEVIN DEMPSEY WALLACE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Kevin Dempsey Wallace appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.95. We affirm.

Defendant was convicted by jury of attempted murder (Pen. Code, § 187, subd. (a), § 664). The jury also found true the allegations a principal used a firearm in the commission of the offense and that the offense was committed for the benefit of, at the direction of, or in association with a criminal street gang (§ 12022.53, § 186.22). The charges arose from an altercation and shooting at a gas station convenience store involving multiple individuals, including defendant and two codefendants who were fellow gang members. The court sentenced defendant to 29 years in prison.

In an unpublished opinion, we affirmed defendant's conviction. (*People v. Wallace* (Mar. 6, 2012, B233065) [nonpub. opn.].)

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In August 2020, defendant filed in propria persona a petition for resentencing pursuant to Penal Code section 1170.95. On August 20, 2020, the trial court summarily denied defendant's petition without appointing counsel. The trial court concluded defendant had not stated a prima facie case for relief under the statute because he was convicted of attempted murder, not murder.

Defendant appealed. He contends the trial court's summary denial of his resentencing petition was in error and violated his rights to due process and the assistance of counsel.

He argues the statutory amendments effected by Senate Bill 1437 should be broadly interpreted to cover attempted murder and that it was structural error for the trial court to deny his petition without first appointing counsel. We disagree.

We find no error in the trial court's decision to summarily deny defendant's petition without first appointing him counsel. Penal Code section 1170.95, subdivision (c) provides the trial court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." The statutory language, read in context, contemplates an initial eligibility determination by the court. Several courts have interpreted the statutory language and have concluded that a defendant seeking resentencing is entitled to appointment of counsel only *after* demonstrating a prima facie case. The issue is currently under review by our Supreme Court. (See, e.g., *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598; *People v. Cornelius* (2020) 44 Cal.App.5th 54, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, review granted Mar. 18, 2020, S260493 & *People v. Tarkington* (2020) 49 Cal.App.5th 892, review granted Aug. 12, 2020, S263219.)

Pending guidance from the Supreme Court, we adopt the persuasive analyses in these decisions. The statutory framework supports the trial court's authority to make an initial eligibility determination as a matter of law without appointing defendant counsel. Further, we are not persuaded to depart from our decision in *People v. Falcon* (2020) 57 Cal.App.5th 272, review granted January 27, 2021, S266041. The denial of counsel did not infringe on defendant's constitutional rights or amount to structural error. (*Id.* at p. 279 [Penal Code "section 1170.95 is an

3

act of lenity. If the trial court acted erroneously in declining to appoint counsel, that error does not constitute a violation of appellant's constitutional rights."].)

Moreover, the trial court did not err in concluding that defendant could not state a prima facie case for relief. "Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Penal Code section 1170.95, subdivision (a) provides, in plain language, that only persons "convicted of felony murder or murder under a natural and probable consequences theory" may file a petition seeking resentencing. "When we interpret statutes, giving effect to legislative purpose is the touchstone of our mission." (*People v. Valencia* (2017) 3 Cal.5th 347, 409.) "The text of the statute is integral to our understanding of the statute's purpose." (*Ibid*.) "We must take 'the language . . . as it was passed into law, and [we] must, if possible without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions.' " (*Id*. at pp. 409–410.)

Defendant was convicted of attempted murder, not murder. The Courts of Appeal are divided on the question of whether the statutory language may be interpreted as encompassing convictions for *attempted* murder. Our Supreme Court is currently considering the issue. (Compare *People v. Lopez* (2019)

4

38 Cal.App.5th 1087 [attempted murder not within scope of statute], review granted Nov. 13, 2019, S258175; *People v. Muñoz* (2019) 39 Cal.App.5th 738 [same], review granted Nov. 26, 2019, S258234; *People v. Dennis* (2020) 47 Cal.App.5th 838 [same], review granted July 29, 2020, S262184 & *People v. Love* (2020) 55 Cal.App.5th 273 [same], review granted Dec. 16, 2020, S265445, with *People v. Larios* (2019) 42 Cal.App.5th 956 [concluding Senate Bill 1437 abrogated the natural and probable consequences doctrine for attempted murder but section 1170.95 does not provide relief for attempted murder convictions that have become final], review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001 [amended statutory language applies to attempted murder and retroactive relief provisions are applicable to nonfinal attempted murder convictions], review granted Mar. 11, 2020, S259948 & *People v. Sanchez* (2020) 46 Cal.App.5th 637 [same], review granted June 10, 2020, S261768.)

Pending guidance from the Supreme Court, we believe *Lopez*, *Muñoz*, *Dennis* and *Love* are the better reasoned and adopt their analyses. The trial court did not err in concluding defendant was not eligible for sentencing relief as to his conviction for attempted murder, and the court's denial of his petition did not violate defendant's constitutional rights.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.

OHTA, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6